13-1264
*Sarkis v. Ollie's Bargain Outlet*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 20th day of March, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                   *Chief Judge*,
             ROBERT D. SACK,
                   *Circuit Judge*,
             JED S. RAKOFF,
                   *District Judge.*[*]

_____

HENRY W. SARKIS,

        *Plaintiff-Appellant*,
        - v -                                              No. 13-1264

OLLIE'S BARGAIN OUTLET,[**]

        *Defendant-Appellee.*

_____

[*]The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[**]The Clerk of Court is respectfully directed to amend the official caption to conform with that above.

1

For Plaintiff-Appellant:           Christina A. Agola, Christina A. Agola, PLLC, Rochester, N.Y. ***

For Defendant-Appellee:           Stephen J. Jones and Marion Blankopf, Nixon Peabody LLP, Rochester, N.Y.


Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant Henry W. Sarkis appeals from the judgment entered on March 26, 2013, by the United States District Court for the Western District of New York (Siragusa, *J.*), granting summary judgment to defendant-appellee Ollie's Bargain Outlet (hereinafter "Ollie's" or "the defendant"). At issue is whether the district court erred in granting summary judgment to Ollie's on Sarkis's claims that he had been subjected to a hostile work environment and retaliation in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290.[1] We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues presented for review.

Sarkis seeks to hold Ollie's, his former employer, liable under Title VII for a hostile work environment allegedly created by two of his colleagues. There are two ways that liability under

***By order effective October 15, 2013, this Court suspended Christina A. Agola from its bar. Prior to that date, Ms. Agola, on behalf of Appellant, filed the notice of appeal and sole brief in this case. Though the suspension order stated she could continue to represent parties on whose behalf she had appeared prior to the order, Ms. Agola did not appear on Appellant's behalf to argue this case.

[1] The substantive legal principles for claims under Title VII also apply generally to claims under § 1981 and the NYSHRL. *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

Title VII can be imputed to an employer. First, when the harasser is a supervisor with immediate or successively higher authority over the employee, the employer is "subject to vicarious liability" for the hostile environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Alternatively, "[w]here an employee is the victim of . . . harassment, including harassment in the form of a hostile work environment, by non-supervisory co-workers, an employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." *Fairbrother v. Morrison*, 412 F.3d 39, 49 (2d Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds by Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199 (2d Cir. 2006).

The district court concluded that James Stayer, the District Loss Prevention Manager, was not Sarkis's supervisor. Even if he was Sarkis's supervisor, as Sarkis argues, Sarkis has not adduced sufficient evidence to create a triable issue of fact on the question of whether Stayer's statement created a hostile work environment. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 724 (2d Cir. 2010) (stating that, to show a hostile work environment, a plaintiff must produce evidence of "more than a few isolated incidents" or "evidence of a single incident of harassment that is extraordinarily severe" (internal quotation marks omitted)). And Ollie's is not presumptively liable because Alfredo Caccamise was not Sarkis's supervisor, but rather his subordinate. *See Faragher*, 524 U.S. at 807.

Sarkis has also failed to demonstrate that the defendant can be held liable for failing to take remedial action in response to his complaints. Ollie's had procedures in place to respond to complaints of harassment and Sarkis did not avail himself of those procedures. Accordingly,

3

since no reasonable juror could find that the defendant "knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action," *Fairbrother*, 412 F.3d at 49, the district court did not err in dismissing Sarkis's hostile work environment claim.

Sarkis also sought to hold Ollie's liable for retaliation, alleging that the company disciplined and ultimately fired him because he had engaged in various types of protected activity. Title VII contains an anti-retaliation provision that makes it unlawful for an employer to discriminate against any employee because that individual opposed any practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). Claims of retaliation in violation of Title VII "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Retaliation claims under Title VII are analyzed under the burden-shifting analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which requires that, to establish a prima facie case, the plaintiff must show:

> (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.

*Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted). If a plaintiff "sustains this initial burden, a presumption of retaliation arises" and the defendant must "articulate a legitimate, non-retaliatory reason for the adverse employment action." *Id.* (internal quotation marks omitted). If the defendant does so, "the presumption of retaliation dissipates," *id.* (internal quotation marks omitted), and the employee must show that the proffered reason was

4

pretextual and that retaliation was the but-for cause for the adverse employment action. *Nassar*, 133 S. Ct. at 2533.

The district court dismissed Sarkis's retaliation claims for multiple reasons, including that he did not show a causal connection between the allegedly protected activity and any adverse employment actions, nor did he rebut the legitimate, non-discriminatory reason that Ollie's provided for his termination. We affirm on these two grounds. In seeking summary judgment, Ollie's put forward evidence showing that there was a legitimate, non-retaliatory reason for disciplining and firing Sarkis: his repeated violations of store policy and consistently failing grades on objective performance measures. As proof, it proffered numerous reports of poor performance and disciplinary infractions, some of which were issued before the activity that allegedly triggered the retaliation occurred. Although Sarkis claims that he was disciplined more harshly than other employees because of unlawful retaliation, Ollie's provided evidence showing that, in roughly the same period, it similarly disciplined two other store managers who had comparable histories of poor performance (and had made no claims of discrimination or retaliation). Since Sarkis did not rebut the defendant's non-retaliatory reason for disciplining and firing him, the district court properly concluded that no reasonable juror could find that the defendant's actions were caused by retaliation. *See Nassar*, 133 S. Ct. at 2533.

We have considered Sarkis's remaining arguments and find that they are without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5